### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE CO. | )<br>)<br>) CIVIL ACTION NO.<br>)<br>) 3:12-CV-00459-SRU<br>)<br>)<br>)<br>)<br>)<br>)<br>) March 31, 20~~12~~ 13<br>)<br>) |
| Plaintiff, | |
| v. | |
| EL RANCHO DE PANCHO LLC AND GEORGE VALLAS, ADMINISTRATOR OF THE ESTATE OF NICK E. VALLAS | |
| Defendants. | |

### DEFAULT JUDGMENT

On June 8, 2012, the plaintiff, Mount Vernon Fire Insurance Company ("Mount Vernon"), applied for default judgment against the defendant, El Rancho De Pancho LLC. Based upon the application and the accompanying affidavits, declarations and other papers on file in this action, it appears that:

1.  El Rancho De Pancho LLC has failed to appear in this action by filing an appearance, timely pleading, responding to, or otherwise defending against the Complaint in this action after being properly served with it. Accordingly, default was entered against El Rancho De Pancho LLC under Rule 55(a) of the Federal Rules of Civil Procedure on June 7, 2012.

2.  El Rancho De Pancho LLC is not a minor, an incompetent person, or a current member of the military service.

3.      This is a declaratory judgment action through which Mount Vernon seeks a determination that (i) coverage is barred under a policy of insurance issued by Mount Vernon to El Rancho De Pancho, bearing policy number CP 2567067 with effective dates of July 25, 2011 to July 25, 2012 (the "Policy"), for any claims asserted by the Estate of Nick E. Vallas against El Rancho De Pancho arising out of an October 9, 2011 motor vehicle accident involving Nick E. Vallas because El Rancho De Pancho materially breached the Warranty Endorsement provisions of the subject Policy (ii) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[t]he establishment closes by 2:30 a.m. daily," (iii) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[a]lcohol sales cease by 2:00 AM," (iv) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[t]he insured does not offer beer for less than $1.00," (v) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[t]he insured does not offer liquor or wine for less than $1.50," (vi) as a result of El Rancho De Pancho's material breach of one or more of the warranties set forth in the Warranty Endorsement of the Policy, Mount Vernon's performance under the Policy, including but not limited to any performance related to the handling of any claim made by or on behalf of the Estate of Nick E. Vallas, is excused, and (vii) as a result of El Rancho De Pancho's material breach of one or more of the warranties set forth in the Warranty Endorsement of the

Policy, Mount Vernon's performance under the Policy, including but not limited to any performance related to the payment of any claim made by or on behalf of the Estate of Nick E. Vallas, is excused.

4.  By virtue of the default, the defendant El Rancho De Pancho LLC may not challenge any of the factual allegations in the plaintiff's complaint.

THEREFORE,

1.  Judgment is entered under Federal Rules of Civil Procedure, Rule 55(b)(2) in favor of Mount Vernon Fire Insurance Company and against El Rancho De Pancho LLC.

2.  It is declared that (i) coverage is barred under a policy of insurance issued by Mount Vernon to El Rancho De Pancho, bearing policy number CP 2567067 with effective dates of July 25, 2011 to July 25, 2012 (the "Policy"), for any claims asserted by the Estate of Nick E. Vallas against El Rancho De Pancho arising out of an October 9, 2011 motor vehicle accident involving Nick E. Vallas because El Rancho De Pancho materially breached the Warranty Endorsement provisions of the subject Policy (ii) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[t]he establishment closes by 2:30 a.m. daily," (iii) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[a]lcohol sales cease by 2:00 AM," (iv) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[t]he insured does not offer beer

for less than $1.00," (v) El Rancho De Pancho materially breached the warranty set forth in the Warranty Endorsement of the Policy which states that "[t]he insured does not offer liquor or wine for less than $1.50," (vi) as a result of El Rancho De Pancho's material breach of one or more of the warranties set forth in the Warranty Endorsement of the Policy, Mount Vernon's performance under the Policy, including but not limited to any performance related to the handling of any claim made by or on behalf of the Estate of Nick E. Vallas, is excused, and (vii) as a result of El Rancho De Pancho's material breach of one or more of the warranties set forth in the Warranty Endorsement of the Policy, Mount Vernon's performance under the Policy, including but not limited to any performance related to the payment of any claim made by or on behalf of the Estate of Nick E. Vallas, is excused.

*William M. Young*

Judge, United States District Court
for the District of Connecticut

By *Jennifer Gaudet*

Deputy Clerk

2538672v.1